**CHARLES E. COBB and MARIA L. G. COBB, Husband and Wife, Plaintiffs-Appellants**

v.

**FLORENCIO T. RAMIREZ and JOSEFINA L. G. RAMIREZ, Husband and Wife, Defendants-Appellees**

Civil No. 50-A

District Court of Guam

Appellate Division

November 2, 1966

Counsel for Appellants: FINTON J. PHELAN, JR.
Counsel for Appellees: J. U. TORRES

Before SHRIVER, *Judge*, District Court of Guam; GOSS, *Associate Justice*, High Court of the Trust Territory of the Pacific Islands; DUENAS, *Judge*, Island Court of Guam

SHRIVER, *Judge*

OPINION

This is an appeal from the Island Court of Guam, which Court dismissed the plaintiffs' complaint for failure to prosecute. The appellants assert the Court was without authority to dismiss in any event without determining the issue involved and, secondly, that the dismissal was not in accordance with the Rules of the Island Court. We affirm the Island Court on both issues.

This action was originally filed in the District Court of Guam in a complaint filed November 4, 1964. The complaint alleged that the land in question had been registered under the Land Title Registration Act of Guam and that there was a dispute between the parties as to the location of the dividing line. The District Court conducted proceedings, including a pretrial conference. It then concluded that any dispute involving land so registered was within the exclusive jurisdiction of the Island Court. The case was transferred to that Court, which heard evidence. The appellants were unable to obtain the type of survey which they insist is essential for a determination of the issue. The appellees moved to have the case dismissed, which motion was granted at proceedings dated May 6, 1966, at which time counsel for the appellants stated that the true survey line had not been established and until the true line was located there is nothing anybody can do. The appellants were on notice that the motion to dismiss for lack of prosecution was to be argued and were present. Counsel for the appellants stated to the Court that the appellants could not go forward with their proof. In *Montgomery v. Commissioner of Internal Revenue*, 367 F.2d 917 (9th Cir., 1966), the United States Court of Appeals for the Ninth Circuit stated the rule as follows:

The grounds which were set forth in support of the motion to vacate the order of dismissal were essentially the same as those

397

which are claimed to have required that the Tax Court grant taxpayer's motions for continuance. If the denials of a continuance were justified, then there is no sound basis for the attack upon the order of dismissal. There is inherent power in a court, acting within the "permissible range" of its discretion, to dismiss a civil action for lack of prosecution. *Link v. Wabash Railroad Co.,* 370 U.S. 626, 633, 8 L.Ed.2d 734, 82 S.Ct. 1386 (1962).

The basic problem presented here is that there is no dispute between the parties as to the description of their respective lands and the fact that such lands have a common boundary. The dispute stems from the fact that the appellants are unable to furnish a survey which starts at Monument No. 1 in Agana. Such evidence as was presented involves surveys which were based upon other monuments. As stated in 12 Am.Jur.2d 633:

> The burden of proof upon an issue as to the boundary is upon the party having the affirmative of that issue. This burden must generally be established by a preponderance of the evidence.

The appellants contend, however, that because the land was registered allegedly by the Island Court, that Court must settle disputes concerning it. This land was registered in 1929 and we question whether the Land Title Registration Act relied upon was in existence in 1929. But there was undoubtedly a system of land registration in existence which was created by the Naval Government. The appellants are in error, however, in any event as there is no contention here that land was registered improperly or that the descriptions are incorrect. The sole contention is that the parties or, more particularly, the appellees are claiming land not included in the description. As this was the contention when the action was started and as the appellants admittedly are not in a position to prove that contention, dismissal for lack of prosecution was clearly indicated. We affirm.